IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| YELLOW CORPORATION, YRC INC. (d/b/a YRC FREIGHT), USF HOLLAND LLC, NEW PENN MOTOR EXPRESS LLC, and USF REDDAWAY INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS, TEAMSTERS NATIONAL FREIGHT INDUSTRY NEGOTIATING COMMITTEE, TEAMSTERS LOCAL NO. 696, TEAMSTERS LOCAL NO. 795, and TEAMSTERS LOCAL NO. 41, <br><br> Defendants. | ) ) ) CIVIL ACTION ) CASE NO. 6:23-CV-01131-JAR-ADM ) ) ) ) PLAINTIFFS' MOTION FOR A ) TEMPORARY RESTRAINING ORDER ) <u>AND PRELIMINARY INJUNCTION</u> ) ) ) ) ) ) ) ) ) ) |

Pursuant to Federal Rule of Civil Procedure 65 and District of Kansas Rule 65.1, Plaintiffs Yellow Corporation, YRC Inc. (d/b/a YRC Freight), USF Holland LLC, New Penn Motor Express LLC, and USF Reddaway Inc. (together, "Yellow") move this Court to enter a temporary restraining order and preliminary injunction: (i) directing the defendants International Brotherhood of Teamsters ("IBT") and Teamsters National Freight Industry Negotiating Committee ("TNFINC"), their officers, agents, members, and employees, and all other persons and entities who are in active concert or participation with them, to immediately resume the mandatory grievance procedures of the collective bargaining agreement for Yellow's One Yellow Phase 2 change of operations, and (ii) enjoining the defendants IBT, TNFINC, Teamsters Local No. 696, Teamsters Local No. 795, and Teamsters Local No. 41, including their officers, agents, members, and employees, and all other persons and entities who are in active concert or participation with them, from engaging in a strike, work stoppage, slow down, or interruption of

1

work until the mandatory grievance procedures have been given full play. In support of this Motion, Yellow states as follows:[1]

1. The collective bargaining agreement between YRC Inc., USF Holland LLC, and New Penn Motor Express LLC and TNFINC, representing certain local unions, including defendant local unions (the "NMFA"), includes a no-strike clause, an exception to the no-strike clause that cannot be relied on here, and comprehensive mandatory grievance procedures;

2. On June 17, 2023, Yellow received notice from TNFINC that affected local unions are authorized and intend to strike based on YRC, Inc. and Holland's deferral of certain health and welfare and pension contributions, which deferral was caused by the Union's own contractual breaches;

3. In the 48 hours since TNFINC's notice, local unions have advised Yellow of their intent to strike on or after Monday, July 24, 2023;

4. The underlying disputes that have led to defendants' threatened work stoppage are subject to detailed grievance procedures in the NMFA;

5. Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, authorizes this Court to issue a temporary restraining order requiring the IBT, TNFINC, Teamsters Local No. 696, Teamsters Local No. 795, and Teamsters Local No. 41, including their officers, agents, members, and employees, and all other persons and entities who are in active concert or participation with them, from engaging in a strike, work stoppage, slow down, or interruption of work and to comply with the mandatory grievance procedures detailed in the NMFA.

---

[1] The basis for Yellow's motion is set forth more fully in the accompanying Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction and exhibits.

6. Absent injunctive relief, Plaintiffs will suffer immediate, substantial, and irreparable harm from Defendants' unlawful work stoppage, including being forced into a Chapter 7 liquidation bankruptcy proceeding.

7. There is no adequate remedy that can compensate Plaintiffs for the Union's failure to follow the NMFA grievance procedures and Plaintiffs' resulting loss of customers and termination of operations.

8. The harm that Plaintiffs and the public will suffer if injunctive relief is denied is greater than any harm that Defendants will suffer if injunctive relief were granted. Absent injunctive relief, Yellow faces the destruction of its business, 30,000 Yellow employees will lose their jobs, the American public will bear higher costs and supply chain disruptions, the transportation industry will lose an active competitor, and Yellow's shareholders, including the U.S. Treasury, will lose equity value.

9. Plaintiffs can demonstrate likelihood of success on the merits.

10. Defendants have been provided notice of the filing of this Motion as detailed in the accompanying Attorney's Certification of Notification.

11. These facts fulfill the conditions set forth by *Boys Markets, Inc. v. Retail Clerks Union, Loc. 770*, 398 U.S. 235 (1970), as explicated by other cases, for the granting of injunctive relief in response to a labor strike that violates a collective bargaining agreement containing a no-strike clause and a comprehensive grievance procedure.

12. As part of this Motion, Yellow requests that the Court refer this case to mediation pursuant to its authority to "refer a case to mediation at any appropriate time." D. Kan. Rule 16.3(c)(1).

Dated: July 19, 2023

Respectfully submitted,

*/s/ Daniel P. Johnson*
Trina R. Ricketts   KS #18697
Daniel P. Johnson KS #27449
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
700 W. 47th Street, Suite 500
Kansas City, MO  64112
Phone:  816.471.1301
Facsimile:  816.471.1303
Email:  trina.ricketts@ogletree.com
Email:  daniel.johnson@ogletree.com

And

Marc E. Kasowitz (*Admitted Pro Hac Vice*)
Ronald R. Rossi (*Admitted Pro Hac Vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York  10019
Telephone:  212.506.1700
Facsimile:  212.506.1800
Email:  mkasowitz@kasowitz.com
Email:  rrossi@kasowitz.com

And

Maria Gorecki (*Admitted Pro Hac Vice*)
**KASOWITZ BENSON TORRES LLP**
1400 16th Street, Suite 400
Denver, Colorado  80202
Phone:  720.932.8303
Facsimile:  720.932.8300
Email:  mgorecki@kasowitz.com

**ATTORNEYS FOR PLAINTIFFS YELLOW CORPORATION, YRC INC. (D/B/A YRC FREIGHT), USF HOLLAND LLC, NEW PENN MOTOR EXPRESS LLC, AND USF REDDAWAY INC.**