IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YELLOW CORPORATION, et al.,

    Plaintiffs,

    v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al.,

    Defendants.

Case No. 23-1131-JAR-ADM

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Yellow Corporation, YRC, Inc. d/b/a YRC Freight, USF Holland LLC, New Penn Motor Express LLC, and USF Reddaway, Inc.'s Motion for Extension of time to File Responses in Opposition to Defendants' Motions to Dismiss (Doc. 49). The motion for extension of time is now fully briefed and the Court is prepared to rule. As described below, Plaintiffs' motion is granted and the Court stays briefing on Defendants' motions to dismiss. If the Court denies Plaintiffs' motion to transfer, it will set new briefing deadlines after its ruling.

Defendants filed two motions to dismiss under Fed. R. Civ. P. 12(b)(6) on July 20, 2023.[1] Plaintiffs' responses were due on August 24, 2023.[2] On August 18, 2023, Plaintiffs filed a Motion to Transfer this case under 28 U.S.C. § 1412 to the U.S. Bankruptcy Court for the District of Delaware, where each of the Plaintiffs filed a Chapter 11 petition on August 6, 2023.[3] Plaintiffs now seek an extension of time to respond to the motions to dismiss, asking this Court

---

[1] Docs. 29, 31.

[2] *See* Doc. 45.

[3] Doc. 47.

to stay and abey briefing on those motions until after it decides the motion to transfer. Plaintiffs argue that the bankruptcy court is the more appropriate forum for deciding the motions to dismiss since these lawsuits are potentially assets of the bankruptcy estate, and that there is no risk of prejudice to Defendants in delaying a ruling on those motions until after the Court decides the motion to transfer.

Defendants oppose the request to stay and abey a decision on the motions to dismiss for the following reasons: (1) it constitutes forum shopping; (2) jurisdiction and venue are only proper in this district; (3) the Labor Management Relations Act does not permit the claims in this case to be decided by the bankruptcy court; and (4) threshold issues of jurisdiction and exhaustion presented by the motions to dismiss must be decided before the issue of transfer.

The Court concludes that the motion to transfer should be briefed and decided before proceeding further on the motions to dismiss. The parties point the Court to no rule that requires this Court to decide the substantive pending motions in this case in a certain order; therefore, it is within the Court's discretion which motion to decide first. The Court agrees with Plaintiffs that deciding the transfer issue first is in the best interest of judicial economy. This case is in its early stages, having just been filed on June 27, 2023. If the Court decides in favor of transfer, the transferee court should be able to decide in the first instance issues that implicate the merits of the case, such as those raised in Defendants' motions to dismiss. If the Court decides against transfer, it can efficiently set a briefing schedule on the motions to dismiss and rule expediently. While Defendants offer arguments about why they would suffer prejudice if the case were transferred, they offer no argument about prejudice associated with the Court deciding the motion to transfer first.

The second and third grounds cited by Defendants in opposition to the Court first deciding the transfer motion go to the merits of the transfer motion. The Court does not delve into those issues at this time, and instead addresses only the arguments that implicate the order of briefing and decision. First, the Court sees no evidence of forum shopping. Indeed, Plaintiffs chose *this* forum as an initial matter. The bankruptcy cases developed subsequently. Moving to transfer based on developments that transpired after this case was filed does not, in and of itself, demonstrate forum shopping or tactical maneuvering that should prevent this Court from addressing the transfer motion first.

Defendants next argue that the motions to dismiss present threshold issues such as jurisdiction and exhaustion that should be decided before deciding whether to transfer. To be sure, subject matter jurisdiction generally should be decided before issues going to the merits of an action.[4] Defendants' motions to dismiss, however, assert on their face that they seek dismissal under Rule 12(b)(6) for failure to state a claim, not under Rule 12(b)(1) for lack of subject matter jurisdiction.[5]

Nonetheless, Defendants present an alternative argument in their motions to dismiss on jurisdictional grounds: *if* the Court determines that "Defendants' refusal to bargain over Plaintiffs' proposed changes" to the union contracts at issue implicates the National Labor Relations Act ("NLRA"), the claims must be dismissed because the National Labor Relations

---

[4] *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) ("Where, as here, however, a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.").

[5] *See* Doc. 30 at 1; Doc. 32 at 1.

3

Board would have exclusive jurisdiction.[6]  This argument does present a challenge to the Court's subject matter jurisdiction to the extent the Court determines that the claims arise under the NLRA.[7]  But even assuming that the Court must consider this jurisdictional challenge in resolving the motions to dismiss, it is not required to decide Defendants' motions to dismiss first. Although the Court generally must assure itself of its own jurisdiction before proceeding to decide the merits of the case, the Supreme Court and Tenth Circuit have held that venue may be addressed first when it does not go to the merits of the action.[8]  The motion to transfer in this case addresses whether venue is proper in light of Plaintiffs' recently-filed bankruptcy cases in Delaware.  The Court finds that this issue should be resolved before either this Court or the transferee court decides the motions to dismiss.  Therefore, the Court grants Plaintiffs' motion to stay briefing on the motions to dismiss until after the motion to transfer is decided.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Extension of time to File Responses in Opposition to Defendants' Motions to Dismiss (Doc. 49) is **granted**.  The briefing on Defendants' Motions to Dismiss (Docs. 29, 31) is hereby stayed until the Court rules on the Motion to Transfer (Doc. 47).  The Court will set briefing deadlines on the motions to dismiss if and when it denies Plaintiffs' Motion to Transfer.

**IT IS SO ORDERED.**

---

[6] *See* Doc. 30 at 19–20; Doc. 32 at 12.  Plaintiffs' claims in the First Amended Verified Complaint are asserted as breach of contract claims.  *See* Doc. 21.

[7] *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 392–93 (1986).

[8] *Sinochem*, 549 U.S. at 431 (holding that a district court may dismiss a suit under the doctrine of *forum non conveniens* before resolving subject matter jurisdiction); *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1200 (10th Cir. 2011) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)) ("This court may choose to transfer the petitions to the proper court under the Clean Air Act and leave EPA's standing arguments to be decided in the D.C. Circuit."); *Pac. Mar. Ass'n v. NLRB*, 905 F. Supp. 2d 55, 59 (D.D.C. 2012) ("The lesson from *Sinochem* is thus a practical one: as long as a court's disposition of an action is based on a threshold, non-merits issue—thereby eschewing any "assumption by the court of substantive 'law-declaring power,' "—the court may (and should) consider which course would best serve the interests of judicial efficiency." (quoting *Sinochem Int'l Co.*, 549 U.S. at 433)).

Dated: September 11, 2023

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE