IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YELLOW CORPORATION, et al.,

    Plaintiffs,

    v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al.,

    Defendants.

Case No. 23-1131-JAR-ADM

**MEMORANDUM AND ORDER**

This is a breach-of-contract action brought by affiliated trucking companies against their employees' unions for alleged violations of a collective bargaining agreement. The case is now before the court on Defendants' Motion to Postpone Deadlines Set Forth in Initial Scheduling Order Pending the Outcome of the Motions to Dismiss. (ECF 62.) By way of the motion, defendants International Brotherhood of Teamsters ("IBT"), Teamsters National Freight Industry Negotiating Committee ("the Negotiating Committee"), Teamsters Local No. 696, Teamsters Local No. 795, and Teamsters Local No. 41 (the three Teamsters Local unions collectively, "Local Unions") (all defendants collectively, "defendants") seek an order staying discovery—including the requirements of preparing a report of parties' planning meeting, exchanging initial disclosures, and participating in a scheduling conference—pending the court's ruling on motions to dismiss filed by IBT and the Negotiating Committee and the Local Unions. (ECF 29, 31.) For the reasons discussed below, the court denies the motion.

1

**I.     BACKGROUND**

Plaintiffs Yellow Corporation, YRC, Inc. ("YRC"), USF Holland LLC ("Holland"), New Penn Motor Express LLC ("New Penn"), and USF Reddaway, Inc. ("Reddaway") (collectively, "plaintiffs") filed their breach-of-contract complaint on June 27, 2023, and their amended complaint on July 19. (ECF 1, 21.) Plaintiffs allege that Yellow Corporation and its four operating subsidiaries (the other four plaintiffs) were "engaged in a critical initiative to restructure" that involved merging into a single "super-regional carrier." (ECF 21, at 2.) Plaintiffs assert that YRC, Holland, New Penn, and Reddaway's collective bargaining agreement ("NMFA") with the Negotiating Committee and the Local Unions prohibited defendants from impeding the restructuring. (*Id.*) Plaintiffs claim the Negotiating Committee violated the NMFA by refusing to bargain over plaintiffs' proposed reorganization. Plaintiffs also claim that the Local Unions failed to object to certain allegedly violative conduct, and that IBT ratified the conduct.

On July 20, defendants responded by filing two motions to dismiss under FED. R. CIV. P. 12(b)(6). (ECF 29, 31.) In both motion (one filed by IBT and the Negotiating Committee and the other filed by the Local Unions), defendants moved to dismiss on the grounds that plaintiffs failed to exhaust a grievance procedure required by the NMFA, that the National Labor Relations Act ("NLRA") divests the court of jurisdiction to hear disputes over bargaining conduct, and that the complaint failed to allege facts sufficient to state a claim against them. (ECF 30, 32.)

On August 6, plaintiffs filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. Plaintiffs subsequently moved this court to transfer the case to the United States District Court for the District of Delaware. (ECF 47.) On October 12, the court denied the motion to transfer. (ECF 57.)

With venue determined, the court entered an Initial Order Regarding Planning and Scheduling ("Initial Scheduling Order") on October 17.  (ECF 58.)  The Initial Scheduling Order set a November 16 deadline for the parties to confer as required by FED. R. CIV. P. 26(f), a November 27 deadline to submit a proposed scheduling order to chambers, and a December 7 scheduling conference.  On October 24, defendants filed their current motion, asking the court to stay the deadlines in the Initial Scheduling Order and all other discovery pending the court's ruling on the motions to dismiss.

## II.     LEGAL STANDARD

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1); s*ee also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) (discussing Rule 26(c)).  Stays are disfavored, however, because they "can delay a timely resolution of the action."  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020).  Further, "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion."). "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Cont'l Ill.*, 130 F.R.D. at 148. A stay *may* be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC,* No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

**III.   ANALYSIS**

Defendants assert that a stay is appropriate here because their motions to dismiss "aim to dispose of this entire case." (ECF 62, at 4.) They note that the legal arguments they assert against the court hearing the case—either because plaintiffs failed to exhaust the NMFA grievance process or because the NLRA divests the court of jurisdiction—could close the case. Similarly, they suggest that their arguments that plaintiffs failed to state plausible claims against them could either

4

end or narrow the case. Defendants also argue that discovery is unnecessary to resolve their dispositive motions because plaintiffs already responded to the motions. Finally, defendants broadly assert that discovery in this case will be burdensome.

The court has reviewed the briefing on the pending dispositive motions. With respect to each of defendants' arguments for dismissal, plaintiffs' response briefs assert viable counter arguments. For example, plaintiffs argue they had no obligation to exhaust the NMFA grievance process because it could not have resulted in money damages and, in any event, would have been futile. Plaintiffs also assert that that the NLRA conferred jurisdiction on federal courts to decide the type of contract claims they bring. Finally, plaintiffs explain why they believe they have asserted valid claims against each defendant and request leave to amend their complaint should the court find otherwise.

The court will not presume to predict how the district judge will rule the pending dispositive motions. But, in view of the above, the court cannot conclude that it is *likely* that all of the case will be resolved upon that ruling. *See Green v. Blake*, No. 18-2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (declining to stay discovery where the outcome of the defendants' pending dispositive motion was unclear). Quite simply, the pending motions to dismiss do not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court.

Defendants also have not demonstrated that participating in discovery at this procedural juncture would be wasteful or burdensome enough to justify a stay. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Id.* at *2. Although defendants assert that discovery will be "burdensome" because the complaint is longer than 50

pages (ECF 62, at 4), the burden is pure speculation at this juncture. Presently, the parties' only discovery obligations are to conduct a Rule 26(f) conference, prepare and submit a proposed scheduling order, and comply with Rule 26(a)'s initial disclosure requirement. These obligations are not onerous. Of course, should defendants find that plaintiffs' future discovery requests present a tangible and articulable undue burden, defendants are not foreclosed from seeking a protective order. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *3 (D. Kan. Apr. 27, 2021). At this time, however, defendants' motion for blanket stay as to all discovery is denied.

In sum, defendants have not met their burden to demonstrate that this is an exceptional case warranting a discovery stay. Plaintiffs filed this action four-and-a-half months ago, and they have a right to see it proceed in a timely manner, absent a strong showing by the movants. For the reasons discussed above, the court denies defendants' motion to stay.

**IT IS THEREFORE ORDERED** that defendants' motion to stay (ECF 62) is denied.

Dated November 9, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
